The judgment of the court was pronounced by
Slidell, J.
This is a case of injunction, obtained to restrain the sheriff from proceeding to the sale of certain property seized under fieri facias, in the suit of Bry, Executor, v. Hanna.
There was judgment in the court below perpetuating the injunction, and the defendants have appealed.
I. The fii’st question presented for our consideration is, the legality of the seizure of a horse belonging to Hanna. It is proved that Hanna is a physician, and that his practice is a country practice, in the exercise of which a horse is indispensable. The horse was the only one he had. Hanna contends that the horse is exempt from seizure under the article 644 of the Code of Practice.
At common law, from which we derived the writ of fieri facias, little mercy was extended to the debtor. Even his wearing apparel might be taken, provided in doing so the sheriff was not obliged to strip it from the debtor’s back. But our law, in a spirit of greater tenderness, has declared that “ the sheriff cannot seize the linen and clothes belonging to the debtor or his wife, nor his bed, nor those of his family, nor his arms and military accoutrements, nor the tools and instruments necessary for the exercise of the trade or profession by which he gains a living.” In the French text the language is, “ ni les outils ou instruments indispensables á 1’exercise du metier ou de la profession dont il vit.”
It is argued, that a doctor’s horse is fairly to be comprehended under the denomination of tools and instruments necessaiy for the exercise of his profession. But this seems to us straining the expression beyond its natural and fair import. His surgical instruments, those for the preparation of medicines usually employed by country practitioners, and possibly under the dictum in Milton’s case, 2 R. R. 81, his medical library, are protected by the code. But we cannot go further, and treat as tools and instruments of his profession all other things that contribute to its convenient exercise. For the convenient practice of his profession, a physician requires an office where he may be found or consulted by his patrons, a servant to groom his horse, food to nourish him, and a stable to shelter him ; yet, it would be unreasonable on that account to consider the office, the slave, the provender, or the stable protected from his creditors. The general rule under our system is, that every species of property is liable for the payment of debts. C. C. 3149. All exceptions to this general rule are the creatures of express legislation, and being in derogation of a general principle ought not to receive a latitudinarian construction.
In Wallace v. Collins, 5 Pike, 41, it was held, that a horse used by a tanner was not an implement of his trade exempt from execution. U. S. Dig., Sup., Execution, No. 358. We have not been able to examine the report of the case; but it was probably shown there, as here, that the horse was employed in the .debtor’s business, and was necessary for its prosecution. We have met with no case in our own reports, or elewhere, were the legislative exemption was enlarged by construction to the extent claimed at bar.
*656 II. It is said, that the sheriff made no legal seizure of the judgment obtained by Hanna and Norwood v. Bry and Wife, “ he not having taken it into actual possession, the same being in the possession and custody of the clerk of the court.” — We cite the language of the plaintiff’s brief.
We understand the proper mode of seizing a debt existing in the form of a judgment is, a notification of seizure by the sheriff to the judgment debtor ; and such notification, we think, was effected in the present case by the process of garnishment served upon the judgment debtors. The sheriff had no right to seize the record of judgment, and disturb the possession of the clerk, its lawful custodian. See Daley v. Cunningham, 3rd Ann. 55. The ease of a judgment is improperly assimilated by the plaintiff’s counsel to that of a promissory note or a bond, which we have held should be taken into possession by the sheriff in order to effect a valid seizure.
It is therefore decreed, that the judgment of the district court be reversed ; that the injunction bo dissolved; and that the said H. M. Bry, executor, recover from the said William Ii. Hanna and Shepherd Wood, his security, in solido, the sum of forty dollars damages; and that the said Hanna pay costs in both courts.